IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | CASE NO.: 2:21-cr-00341 |
| vs. ) | |
| ) | |
| ) | |
| Isaiah Spann, ) | |
| ) | |

### MOTION TO COMPEL DISCLOSURE OF GRAND JURY PROCEDURES PURSUANT TO RULE 6(e)(3)(E)(i)

The Accused, ISAIAH SPANN, by and through his undersigned attorney, hereby moves this Court for an Order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure and 16(a)(1)(B)(3) of the Federal Rules of Criminal Procedure, permitting him to inspect the recorded testimony of individuals who testified before the Grand Juries which returned the current indictment against him and others in this case. By this Motion, Accused seeks to inspect the recorded Grand Juries testimony of those individuals whose testimony refers to the Accused in any way.

**Procedural History**

On February 8, 2022, at Isaiah Spann's Arraignment, this Court entered an Order governing discovery. Pursuant to Rule 6(e)(3)(E)(i), the Order authorized the Government, upon defendants request, "to provide to defense counsel the grand jury testimony of potential witnesses and <u>any other</u> grand jury material."

On February 11th, 2022, the Accused, by and through his undersigned attorney, initially requested production of Grand Jury materials related to the Accused. To date, the Defense has

1

been denied access to the Grand Jury materials despite a particularized need. Therefore, undersigned counsel respectfully moves this Court to compel the Government to disclose Grand Jury Materials related to Isaiah Spann.

In support of this Motion, the Accused would show that:

1. After a review of the available discovery and confirmation from the Government that all such matters have been revealed, a major discrepancy exist between the available discovery pertaining to the Accused's conspiracy count, what defense counsel knows to be true, and the information believed to be presented to the Grand Jury regarding the time Accused was involved in the alleged conspiracy. Counsel has reason to believe that the testimony used to indict Accused regarding the conspiracy maybe an error, false, or misleading. Particularly, the testimony offered to the Grand Jury regarding Accused length of time as a co-conspirator. The only way to dispel this problem is for Defense counsel to have the opportunity to review the Grand Jury Materials related to the Accused, in any manner the Court sees fit. Therefore, Accused has a particularized and compelling need for production of the Grand Juries minutes, in order to prepare corresponding motions and defenses, and if necessary, to impeach governmental witnesses at a hearing or trial;

2. Further, any previously existing reason for secrecy no longer exists as there is no danger of undue influence or pressure being exerted on either the Grand Juries or witnesses appearing before the Jury, nor is there any danger of an escape by persons whose indictment(s) might be contemplated; and

3. The testimony of Grand Juries may become **BRADY** material, and evidence of innocence to which this Accused is entitled to at this time. *Brady v. Maryland*, 373

U.S. 83 (1963). Following no written response from the Government regarding the first Motion, it is essential the Accused promptly be given an opportunity to inspect the recorded testimony. Fair play and the right to a fair trial require that the testimony be available to the Accused as he prepares his defense. The Grand Jury testimony is not privileged or confidential and must be released so the Accused can prepare corresponding motions and a proper defense. Finally, because the Government has used Grand Jury testimony to return an indictment and because it will continue to use this testimony in the prosecution of this case, it is material to the defense and must be produced.

**WHEREFORE**, Accused, ISAIAH SPANN, requests that this Court schedule a hearing to consider his motion and compel disclosure of the Grand Juries proceedings.

    Respectfully submitted,

    ___*s/ David P. McCann*___
    David P. McCann
    Federal Bar No: 2908
    900 Bowman Road, Suite 100
    Mount Pleasant, SC 29464
    (843)722-6204
    dmccann@mccannlawfirm.com
    ATTORNEY FOR DEFENDANT

Mount Pleasant, South Carolina
This 24th day of June, 2022

## CERTIFICATE OF SERVICE

I hereby certify that I have this date caused one true copy of the within document to be served in the above-captioned case, via the courts e-noticing system, but if that means failed, then by regular mail, on all parties of record.

                                             /s/David P. McCann
                                             DAVID P. McCANN